```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 GJ 1231 |
| | ) | 07 CR 796 |
| v. | ) | |
| | ) | Hon. Robert W. Gettlemen |
| ABRAHAM LIRA and | ) | Acting Chief Judge |
| JESSICA ROSALES | ) | |

**GOVERNMENT'S AGREED MOTION FOR AN EXTENSION OF TIME**
**IN WHICH TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. §3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court pursuant to 18 U.S.C. § 3161(h)(8) for a fourteen (14) day extension of time from January 4, 2008, to and until January 18, 2008, in which to return an indictment in this case.  In support of this motion, the government states as follows:

1.   This case involves the conspiracy to rob, and robbery by force, violence and intimidation of the Harris Bank located at 6811 Stanley Ave., Berwyn, Illinois,  in violation of 18 U.S.C. Sections 371 and 2113(a).  Evidence collected thus far in this investigation has enabled us to identify the criminal participants, Abraham Lira and Jessica Rosales.

2.   Defendant Abraham Lira was arrested on Tuesday, December 4, 2007, outside of his residence in Berwyn, Illinois after being positively identified in a photo array by the victim

teller (Teller A). Following his arrest and having waived his Miranda rights, Lira admitted to robbing the Harris Bank on December 4, 2007, implicating Jessica Rosales in his confession. After being arrested and waiving her Miranda rights on the same day, Rosales admitted to participating in the planning and execution of the bank robbery.

3. A criminal complaint (07 CR 796) charging the defendants with violations of 18 U.S.C. Sections 2113(a) and 2 was filed in this district on December 5, 2007. Following their initial appearance, the defendants were held in custody pending further order of the Court. No preliminary examination hearing has been held, but one is scheduled before Judge Nan R. Nolan on Tuesday, January 8, 2008 at 1:30 p.m.

4. A detention hearing was commenced as to the defendants on December 10, 2007, and concluded on December 17, 2007. Jessica Rosales and Abraham Lira were released on own recognizance bonds that included conditions of home confinement at their respective parents' residences subject to electronic monitoring by Pretrial Services.

5. The thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against the defendants based on their arrest expires on Friday, January 4, 2007. The United

States seeks a fourteen (14) day extension from that date to and until January 18, 2008.

6. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment is the following factor:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.  18 U.S.C. § 3161(h)(8)(B)(iii).

7. The government respectfully submits that a continuance for an additional 14 days is warranted in this case pursuant to 18 U.S.C. § 3161(h)(8)(B)(iii) for the following reasons:

(a) The government has been working diligently towards indictment in this case since the defendants were arrested on December 4, 2007.

(b) Due to the holiday, no grand jury was/is available to hear matters from December 24, 2007, through December 28, 2007.

(c) The undersigned Special Assistant United States Attorney who is responsible for this case will be out of the country on leave from December 30, 2007, through January 7, 2008.

8. For the reasons detailed above, an indictment in this matter cannot be returned within the time allowed under Section

3

3161(b) of the Speedy Trial Act.

9. The undersigned attorney has consulted with counsel for defendants, Patrick W. Blegan and Timothy P. O'Connor, and they have no objection to the requested extension of time.

WHEREFORE, the United States respectfully requests a fourteen (14) day extension of time from January 4, 2008, to and until January 18, 2008, in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/Yusef A. Dale
        YUSEF A. DALE
        Special Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 886-7645

DATED:  12/27/07

```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 GJ 1231 |
| | ) | 07 CR 796 |
| v. | ) | |
| | ) | Hon. Robert W. Gettlemen |
| ABRAHAM LIRA and | ) | Acting Chief Judge |
| JESSICA ROSALES | ) | |

### O R D E R

Upon the Government's Motion, under Title 18, United States Code, Section 3161(h)(8)(A) & (B), for an extension of time in which to return an indictment in the above-captioned cause,

IT IS HEREBY ORDERED that the time within which to file an indictment against the defendants be extended from January 4, 2008, to and until, and including, January 18, 2008. Specifically, this Court finds that the ends of justice served by the extension outweigh the best interests of the public and the defendants in a speedy trial for the following reasons:

1.  It is unreasonable to expect the original return and filing of the indictment before January 18, 2008, in light of the timing of the defendants' arrest, the time required to adequately investigate a bank robbery, and the vacation schedules of those involved in the process that are typical at this time of year.

    2. The failure to grant such an extension would deny the government the reasonable time necessary for effective preparation of the evidence for presentation to the Grand Jury, taking into account the exercise of diligence.

                        ENTERED:

                        _____
                        Robert W. Gettlemen
                        Acting Chief Judge

DATED: _____