UNITED STATES DISTRICT COURTPRIVATE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 796 |
| | ) | |
| ABRAHAM LIRA ET AL., | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ROSALES' MOTION FOR LEAVE TO FILE
MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING**

Defendant Jessica Rosales ("Rosales"), by her attorney, respectfully requests that this Court allow her to file the Motion To Suppress And For Evidentiary Hearing attached hereto as Exhibit A and the accompanying exhibits thereto attached hereto as Exhibit B. In support thereof, Rosales states as follows:

1. Defendants are charged by Indictment with various offenses relating to two bank robberies. Defendant Rosales and defendant Navar only are charged in connection with one of the robberies; defendant Lira is charged in connection with both robberies.

2. At Rosales' request, this Court extended the due date for pretrial motions from February 21, 2008 to March 3, 2008.

3. Rosales has worked diligently to prepare her pretrial motions, including an extensive meeting with counsel on February 22, 2008. On March 3, 2008, Rosales filed a Motion to Sever, Motion For Production Of Agent Notes and Motion For Early Return Of Trial Subpoenas.

4. Rosales respectfully requests that this Court grant her leave to file –eight days past the March 3 deadline – the Motion to Suppress And For Evidentiary Hearing

attached hereto as Exhibit A with the accompanying exhibits thereto attached hereto as Exhibit B.

5. Fed. R. Crim. P. 12(e) provides that a pretrial motion may be filed past the deadline set by the court where the defendant shows "good cause."

6. Here, Rosales' counsel learned additional facts on Sunday, March 2 (in particular and especially, the presence of Rosales' mother in the Berwyn Police Station at the time of Rosales' interrogation) that led counsel to determine that he would file a Motion To Suppress And For Evidentiary Hearing.

7. Counsel believed that he timely could prepare and file the Motion To Suppress And For Evidentiary Hearing and the other Motions that counsel in fact did file on March 3, but counsel was not able to do so, filing the other Motions at 9:30 pm on March 3 but without time to prepare and file the Motion To Suppress And For Evidentiary Hearing, which, among other things, required further discussion with Rosales and her mother.

8. Accordingly, counsel completed the preparation of the Motion To Suppress And For Evidentiary Hearing over the past week and now seeks leave to file same.

9. Rosales respectfully submits that granting this Motion will not result in any significant delay of these proceedings and will not prejudice the government. In particular, Rosales is willing to surrender any amount of her time to prepare a Reply in support of the Motion To Suppress And For Evidentiary Hearing to avoid any prejudice to the government or delay in these proceedings from this filing.

10. Rosales also respectfully submits that allowing her to file the attached Motion To Suppress And For Evidentiary Hearing is in the interests of justice. This is a case where the actions of Rosales and her intent will be hotly contested. The heart of the

government's case is the statements the government claims that Rosales and the other defendants made. Those statements should be assessed with great care and sensitivity for many reasons. As Rosales explained in her Motion For Production Of Agent Notes, it is clear that none of the defendants in this case speak in the vernacular that the FBI agents attributed to them in drafting the reports summarizing the oral statements, which claimed, for instance, that Rosales and Lira "planned" the robbery of the Harris Bank in Cicero – a word that is absent from the written statements of Rosales and Lira. In addition, unlike her co-defendants, who are twenty-one year old young men, Rosales was eighteen at the time of the offense by just under six months and was senior in high school in special education classes with a junior high school reading level. She had a sad and very disturbed upbringing and mental health history. Prior to the interview by law enforcement agents, she had attempted three times to kill herself and also had become pregnant but given birth to a still-born child. Her parents are both heroin addicts and she has had no stable residential history or upbringing. Her mother was at the Berwyn Police Station but was not allowed to see her. She was told by Berwyn Officers that (1) if she spoke to law enforcement, "everything would be alright," she would have nothing "to worry" about and she could "go home" and (2) she would have to wait until after she was questioned to speak to her mother.

11.    Under these and other circumstances, the interests of justice would be served by allowing Rosales to test the claim that her waiver of rights and statements were voluntary.

## **CONCLUSION**

WHEREFORE, Defendant Jessica Rosales respectfully requests that this Court grant her leave to file the Motion To Suppress And For Evidentiary Hearing attached hereto as Exhibit A and the accompanying exhibits thereto attached hereto as Exhibit B.

Date: March 11, 2008                                     Respectfully submitted,

                                                                          JESSICA ROSALES

                                                                          By: s/ Timothy P. O'Connor
                                                                                One Of Her Attorneys


Timothy P. O'Connor
MEYER & O'CONNOR, LLC
20 South Clark Street
Chicago, IL  60603
312-346-9000

**Index To Exhibits**

**Description**                                                                                    **Designation**

Motion To Suppress And For Evidentiary
Hearing………………………………………..……………………………….Exhibit A

Exhibits To Motion To Suppress And
For Evidentiary Hearing………..………..…………………………………...Exhibit B

**EXHIBIT A**

**MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING**

**EXHIBIT B**

**EXHIBITS TO MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing DEFENDANT ROSLAES' MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING to be served upon

AUSA Yussef Dale
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604

Patrick W. Blegen
Blegen & Garvey
Suite 1437
53 W. Jackson Blvd.
Chicago IL 60604

Sergio F. Rodriguez
Federal Defender Program
55 East Monroe
Suite 2800
Chicago IL 60603

by electronic service through the court's ECF filing system on this 11th day of March, 2008.

s/Timothy P. O'Connor