UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 796 |
| | ) | |
| JESSICA ROSALES | ) | Judge Joan H. Lefkow |

**GOVERNMENT'S RESPONSE TO DEFENDANT ROSALES' MOTION TO SUPPRESS STATEMENTS AND REQUEST AN EVIDENTIARY HEARING**

The United States, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant's motion to suppress statements and request an evidentiary hearing.

Defendant contends that her waiver of rights and written and oral statements implicating herself in the bank robbery of December 4, 2007, were involuntary and should, therefore, be suppressed. Def. Mot. Doc. 46 at 5. Specifically, she contends that a plethora of factors, including her level of cognition and intelligence, age, emotional condition, and lack of parental guidance, all contributed to the involuntary nature of her statements that she gave after waiving her rights. Def. Mot. Doc. 46 at 5. Defendant's argument is without merit.

Contrary to defendant's assertion, law enforcement's actions did not render her waiver and statements involuntary. According to the Supreme Court, a defendant's statements are coerced and involuntary if, considering the totality of all of the circumstances, "the defendant's will was overborne at the time he confessed."[1] *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963) ("It

---

[1] In her motion, defendant states: "[b]ecause the reality here is that Rosales was in every way that mattered a very unfortunate child and not an adult in any real sense, this Court, assessing the totality of the circumstances, should apply the standards governing juvenile statements to Rosales' waiver of rights and statements." Def. Mot. Doc. 46 at 7. Insofar as defendant is suggesting with this sentence that this Court should apply the "totality of the

is thus abundantly clear that the petitioner's oral confession was made only after the police had told her that state financial aid for her infant children would be cut off, and her children taken from her, if she did not 'cooperate.' These threats were made while she was encircled in her apartment by three police officers and a twice convicted felon. . ."); *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). And, "coercive police activity" is a "necessary predicate" to a finding that a waiver and subsequent confession were not "voluntary." *Colorado v. Connelly,* 479 U.S. 157, 166 (1986). Finally, an individual's particular cognitive ability, level of general intelligence, or ability to understand the consequences of his/her waiver and confession are not relevant to whether that individual's waiver and subsequent confession were voluntary, so long as the individual was able to comprehend the plain meaning of the *Miranda* warnings. *Young v. Walls*, 311 F.3d 846 (7th Cir. 2002). The *Young* court's reasoning was as follows: "[y]et *Miranda* is not about abstract understanding, nor does the Constitution protect suspects against confessions that are made for reasons other than official coercion. . . Young had enough awareness . . . to understand what a lawyer is and his entitlement to direct the police to stop asking questions. This is all the Fifth Amendment demands. . . . That Young may have been unable to understand why a lawyer's assistance might be important . . . is not legally material. Suspects need not know how legal skills could be employed to best advantage. That's asking too much and is too far removed from the goal that *Miranda* warnings are designed to implement. It is sufficient if the suspect has enough mental capacity to make decisions in daily life. An infant, or a person so incompetent that a guardian had been appointed, would be a different matter. . . .

---

circumstances" test in order to determine whether she should be evaluated under the legal standards applicable to juveniles or adults, she is without legal support. As set forth above, the "totality of the circumstances" test is to be used to evaluate the voluntariness of a statement, not to assess whether an adult should be evaluated under the legal standard for a juvenile.

2

Perhaps the legal system should adopt additional rules to deal with suspects of limited intellectual abilities. But they are not now in place, nor has the Supreme Court concluded that rules of this kind are to be found in the Constitution. . . ." *Id*. at 850.

Applying the above-referenced legal standard to the instant case, the defendant's allegations, even if accepted as true, do not indicate that her will was overborne by coercive police activity at the time that she gave the statements. According to defendant's own motion, she spoke to law enforcement officers via cell phone at approximately 8:00 p.m., when they told her, in essence, that if she came to the Berwyn Police Department, talked to them, and returned the money she'd be okay and able to go home. Even assuming that law enforcement made these statements and the statements could be considered coercive, these statements were made by law enforcement more than three hours prior to the time that defendant waived her rights and confessed to her involvement in the bank robbery and, therefore, were not made at, or even near, the time of her waiver and confession. Furthermore, defendant was on the phone and out of the physical presence of law enforcement officers when they allegedly made these purported coercive statements, so she was obviously not in custody or under physical intimidation when they were made. These facts all but eliminate the chance that defendant's will was "overborne" by the law enforcement officers at the time that she waived her rights and gave her confession over three hours later. In fact, the only thing that defendant alleges that law enforcement did near the time of her confession was to inform her that she would have to wait until after she was interviewed to speak with her mother, which is perfectly appropriate given that defendant was 18 years old, the age of adulthood and consent.[2] Finally, defendant was read and explained her

---

[2] Defendant urges that this Court should evaluate the voluntariness of her waiver and subsequent statements under the standards for children instead of that for adults due to her apparent low intelligence, despite the fact that her

3

rights, signed a waiver of those rights, and confessed to law enforcement; her motion contains no allegation that she was unable to understand the plain meaning of those rights and, indeed, there is nothing in the record to even suggest such an inability. For all of the above reasons, defendant's waiver of her rights and subsequent confession were voluntary and knowing.

Because this Court should deny defendant's motion to suppress her oral and written statements even if the allegations contained in her motion are accepted as true, this Court should deny defendant's motion for an evidentiary hearing. *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993) ("A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing there are disputed issues of material fact.").

                                 Respectfully submitted,

                                 PATRICK J. FITZGERALD
                                 United States Attorney

By:    s/ Yusef A. Dale
        Yusef A. Dale
        Special Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois
        (312) 886-7645

---

chronological age was that of an adult. But defendant cites no authority for this proposition and, moreover, the Seventh Circuit has held that it was not unreasonable for a state court to find that a sixth-grade child of 14 years with below average intelligence who did not have the assistance of a parent or friendly adult could voluntarily waive his rights and confess. *Hardaway v. Young*, 302 F.2d 757 (7th. Cir. 2002). *See also*, *Rice v. Cooper,* 148 F.3d 747 (7th Cir.1998) (upholding as voluntary a waiver of rights and subsequent confession by a mentally retarded, illiterate 16-year-old).

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that the following document:

GOVERNMENT'S RESPONSE TO DEFENDANT ROSALES' MOTION TO SUPPRESS STATEMENTS AND REQUEST AN EVIDENTIARY HEARING

was served on, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

                                                  s/ Yusef A. Dale
                                                  Yusef A. Dale
                                                  Special Assistant United States Attorney
                                                  219 South Dearborn Street
                                                  Chicago, Illinois
                                                  (312) 886-7645