UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 CR 796 |
| v. | ) | |
| | ) | Honorable Joan H. Lefkow |
| ABRAHAM LIRA ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT ROSALES' REPLY IN SUPPORT OF MOTION TO SUPPRESS

Defendant Jessica Rosales ("Rosales"), by her attorney, Timothy P. O'Connor, respectfully submits the following Reply in support of her request that this Court enter an Order suppressing oral and written statements that she apparently made to FBI agents while in the custody of the Berwyn Police Department very late in the evening of December 4, 2007 and possibly also in the very early morning hours of December 5, 2008.

## INTRODUCTION

The government makes no claim that misleading Rosales about what would happen to her if she waived her rights and spoke to law enforcement agents cannot, as a matter of law, constitute coercive conduct sufficient to overbear Rosales' will and render any subsequent waiver of rights and statements involuntary. A hearing is thus necessary to determine whether or not that is what happened here because it is clear – in light of recent discovery -- that there is a dispute as to whether or not misleading statements were made to Rosales and what effect such statements had on her.

The government's arguments in opposition to a hearing either conflate issues to be decided in light of the taking of evidence with the decision whether it is necessary to take

1

evidence in the first place (the claim that any misleading statements were made too far in advance of the actual interview to be coercive) or are not relevant to the determination whether to hold a hearing (the question whether the standard governing juvenile statements should apply to Rosales).

## ARGUMENT

First, the government is incorrect in its assertion that statements by law enforcement officers to Rosales that, if she spoke them, "everything would be alright," she would have nothing "to worry" about and she could "go home" are irrelevant to the suppression analysis because they were made too far in advance of Rosales' interview. The government argues:

> Even assuming that law enforcement made these statements and that the statements could be considered coercive, these statements were made by law enforcement more than three hours prior to the time that defendant waived her rights and confessed to her involvement in the bank robbery and, therefore, were not made at, or even near, the time of her waiver and confession. Furthermore, defendant was on the phone and out of the physical presence of law enforcement officers when they allegedly made these purported coercive statements, so she was obviously not in custody or under physical intimidation when they were made. These facts all but eliminate the chance that her will was 'overborne' by the law enforcement officers at the time that she waived her rights and gave her confession over three hours later.

Resp. at p. 3. The government has conflated a major factual question to be decided at the hearing – whether such statements did in fact overbear Rosales' will -- with the question whether to hold a hearing in the first place. The government cites no case that holds that coercive statements made hours in advance of an interview cannot, as a matter of law, constitute coercion and invalidate a subsequent waiver of rights and statements. The government's claim that the alleged assurances occurred too far in advance of the waiver and statements to have had any impact on Rosales is thus an evidentiary question to be resolved through a hearing, not an

2

argument against holding a hearing in the first place.  Even the government seems to concede this, noting that "[t]hese facts <u>all</u> <u>but</u> <u>eliminate</u> the chance that defendant's will was overborne at the time that she waived her rights and gave her … [statements] … more than three hours later."  Resp. at p. 3 (emphasis added).  The question whether "the chance that [Rosales] will was overborne" was (or was not) "eliminated" by the facts to which the government points can only be resolved through a hearing.

<span style="margin-left:2em"></span><u>Second</u>, Rosales respectfully submits that there are factual questions that make an evidentiary hearing on her Motion to Suppress necessary.  In addition to the question of the impact that the detective's assurances had on Rosales, interview reports produced recently by the government make clear that the Berwyn detectives who spoke to Rosales by phone deny ever making such assurances.  A hearing will be required to test their assertions.  <u>See</u> Reports of Interview with Detectives Tate and Conoway, attached hereto as Group Exhibit A.

<span style="margin-left:2em"></span><u>Third</u>, <u>Young v. Walls</u>, 311 F.3d 846 (7th Cir. 2002), relied upon by the government, Resp. at p. 2, is distinguishable upon its facts.  There, the <u>Miranda</u> warnings were simplified (or "amplified") for the defendant and administered twice and there was no claim on appeal that law enforcement agents engaged in coercive conduct, such as Rosales' contention here that she was promised that everything would be alright and she would be able to go home.  <u>Young</u>, 311 F.3d at 849-50.  Unlike the defendant in <u>Young</u>, Rosales does not contend that her cognitive limitations alone should lead to suppression.  Rather, again unlike the defendant in <u>Young</u>, the heart of Rosales' argument is that her cognitive limitations *and* incorrect assurances[1] overbore her will.  Thus, <u>Young</u> does not provide a legal basis to deny an evidentiary hearing on this Motion.

---

[1] As Rosales noted in her opening motion, whether the statements made by the agents were coercive or not is a question to be decided at a hearing.

3

<u>Fourth</u>, Rosales argued that the legal standards governing statements made by juveniles should apply in this case given her many severe limitations and the fact that she was barely over eighteen at the time of the statements. Rosales stands on the arguments made in her initial Motion in this regard but notes the following: (1) the question whether to treat her as a juvenile or an adult is irrelevant to the question whether to hold an evidentiary hearing on this Motion and (2) even if this Court opts to decide this Motion under the standards applicable to adults, the severe limitations detailed in Rosales' Motion nonetheless remain and support granting this Motion.

**CONCLUSION**

      WHEREFORE, Defendant Jessica Rosales respectfully requests that this Court enter an Order granting her Motion to Suppress.

Date:  April 23, 2008.                                       Respectfully submitted,

                                                      JESSICA ROSALES


                              By:     /s/Timothy P. O'Connor
                                         One Of Her Attorneys

Timothy P. O'Connor
MEYER & O'CONNOR, LLC
Suite 2210
20 S. Clark
Chicago, IL 60603
(312) 346-9000

**GROUP EXHIBIT A**
**BERWYN DETECTIVES INTERVIEW MEMORANDA**

Case 1:07-cr-00796   Document 56   Filed 04/23/2008   Page 6 of 7

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing DEFENDANT ROSALES' REPLY IN SUPPORT OF MOTION TO SUPPRESS to be served upon:

AUSA Yussef Dale
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604

Patrick W. Blegen
Blegen & Garvey
Suite 1437
53 W. Jackson Blvd.
Chicago IL 60604

Sergio F. Rodriguez
Federal Defender Program
55 East Monroe
Suite 2800
Chicago IL 60603

by electronic service on this 23rd day of April, 2008.

/s/ Timothy P O'Connor